Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back
Location : All Courts Help

# REGISTER OF ACTIONS
## CASE NO. 2017CVH001086D1

VICENTE VILLARREAL vs. METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS,MIKE ESMAY

§
§
§
§
§

| | |
|---|---|
| Case Type: | Contract - Consumer/Commercial/Debt |
| Subtype: | Consumer/DTPA |
| Date Filed: | 06/05/2017 |
| Location: | --49th District Court |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | ESMAY, MIKE | |
| Defendant | METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS | DENNIS D CONDER *Retained* 2147485000 x2147481421(W) |
| Plaintiff | VILLARREAL, VICENTE | DAVID CHRISTOFFEL *Retained* 2818843960 x2818843691(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 06/05/2017 | Civil Case Filed (OCA) |
| 06/05/2017 | Original Petition |
| | *PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE* |
| 06/09/2017 | Citation-Issuance |
| | *TWO CITATIONS ISSUED BY CERTIFIED MAIL AS TO METROPOLITAN LLOYDS INS. CO* |
| 06/09/2017 | Citation |

METROPOLITAN LLOYDS INSURANCE COMPANY    Served    06/14/2017
OF TEXAS

| | |
|---|---|
| 06/09/2017 | Calendar Call |
| | *CALENDAR CALL FAXED TO ATTORNEY* |
| 06/20/2017 | Citation Return-Executed |
| | *RETURN RECEIPT REQUEST SHOWING SERVICE AS TO METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS BY SERVING CT CORPORATION SYSTEM DOS 6/14/17* |
| 07/05/2017 | Answer-Defendant |
| | *DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER. ATTY. DEMMS D. CONDER.* |
| 08/29/2017 | Calendar Call  (1:30 PM) (Judicial Officer Lopez, Jose A.) |



Filed
6/5/2017 10:47:29 AM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2017CVH001086D1

CAUSE NO. _____

| | | |
|---|---|---|
| VICENTE VILLAREAL | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS AND MIKE ESMAY, | § | |
| | § | |
| **Defendants.** | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Vicente Villareal (hereinafter referred to as "Plaintiff") and files this *Plaintiff's Original Petition and Request for Disclosures*, complaining of Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") and Mike Esmay ("Esmay"), or collectively, "Defendants", and for their causes of action, Plaintiff would respectfully show unto this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff requests the Court order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.      Plaintiff Vicente Villareal is an individual residing in Webb County, Texas.

3.  Upon information and belief, Defendant Metropolitan is a "domestic" insurance company engaged in the business of insurance in Texas, but is located in Warwick, Rhode Island. This Defendant may be served with legal process through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.  Upon information and belief, Defendant Mike Esmay is an individual residing in and domiciled in San Marcos, Texas, and may be served with personal process at his residence located at 104 Salas Drive, San Marcos, Texas 78666-6806, or wherever he can be found.

**JURISIDICTION**

5.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $100,000 but less than $200,000. Plaintiff reserves the right to amend his petition during and/or after the discovery process.

6.  The Court has jurisdiction over Defendant Metropolitan because this defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7.  The Court has jurisdiction over Defendant Esmay because this individual is in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this defendant's acts and omissions in the State of Texas.

**VENUE**

8.  Venue is property in Webb County, Texas, because the insured property is situated in Webb County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.    Plaintiff is an owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Metropolitan, under the Policy Number 7693649740.

10.    Plaintiff owns the insured property, which was specifically located at 402 Wren Point, Laredo, Texas, which is situated in Webb County (hereinafter referred to as "the Property").

11.    Metropolitan sold the Policy insuring the Property to Plaintiff.

12.    On or about May 23, 2015, while Plaintiff's policy was in full force and effect, a wind and hail storm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's Property ("the Storm"). Specifically, Plaintiff's composition shingle roof, roofing components, flat roof, fascia, and gutters, sustained extensive damage during the Storm. The wind damage to Plaintiff's roof caused the composition shingles on his home to lift and/or seals to break, thereby allowing water to enter Plaintiff's home and cause interior water damage to a bedroom.

13.    Plaintiff submitted a claim to Metropolitan against the Policy as referenced in paragraph 9 above, for Roof damage, Exterior damage and Interior water damage to his home as a direct result of the Storm.

14.    Plaintiff asked Metropolitan to cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the composition shingle roof, roofing components, and repair of the exterior and interior damage to the Property, pursuant to the Policy.

15.    Metropolitan acknowledged receipt of Plaintiff's Property loss claim and designated the same as claim number JDF36398 ("the Claim").

16.     Upon information and belief, an unknown initial adjuster inspected Plaintiff's property on behalf of Defendant Metropolitan and recommended a full roof replacement.

17.     Defendant Metropolitan later assigned adjuster Mike Esmay ("Esmay") to re-evaluate Plaintiff's Claim.  However, this second adjuster improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's Claim.  Specifically, Esmay conducted a substandard inspection of Plaintiff's Property on or about August 5, 2015. The inadequacy of Esmay's inspection in evidenced by his estimate, dated August 8, 2016, which acknowledged the damage to the composition roof shingles.  However, Metropolitan and Esmay failed to account for the full extent of Plaintiff's composition shingle roof damages covered by the insurance policy.  For example, though Esmay acknowledged the wind and/or hail damage to Plaintiff's composition shingle roof, as well as the interior water damage to the bedroom, Esmay failed to concede Plaintiff's entire roof requires replacement, despite the numerous and obvious hail damage to the same.  The damage which was acknowledged by Esmay was under-scoped and underpaid.

18.     Ultimately, Esmay's inadequate inspection did not allow sufficient insurance benefits to cover the costs of repairs for the damages sustained by Plaintiff during the Storm.  This inadequate investigation was relied upon by Metropolitan in this action and resulted in Plaintiff's claim being improperly adjusted and partially denied.

19.     As a result of Defendants' wrongful acts and/or omissions set forth above and further described herein, Plaintiff was denied coverage of his claim and has suffered damages.

20.     Together, Defendants Metropolitan and Esmay conspired and set about to deny sufficient coverage on properly covered damages.    Defendants Metropolitan and Esmay

misrepresented to Plaintiff that the Policy would cover damages sustained to the Property's composition shingles and its accompanying components in the event of a wind and/or hail storm. Thereafter, Defendant Metropolitan failed to provide coverage for the damages sustained by the Property, thereby denying payment on Plaintiff's claim. As a result of Defendants' wrongful acts and/or omissions set forth above and further described herein, Plaintiff was partially denied coverage of his claim and has suffered damages.

21. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has incurred expenses for temporary repairs made to his property and submitted the receipt to Defendant Metropolitan. Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

22. As detailed in the paragraphs below, Defendant Metropolitan wrongfully and partially denied Plaintiff's claims for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

23. To date, Defendant Metropolitan continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid for any of the damage to his Property.

24. Defendant Metropolitan failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant Metropolitan refused to pay proceeds due under the Policy, although demand was made for proceeds to be paid in an amount sufficient to cover the damaged property on approximately June 22, 2016.

Defendant Metropolitan's conduct constituted a breach of the insurance contract between Defendant Metropolitan and Plaintiff.

25.     Defendants misrepresented to Plaintiff that his Property damages was not the result of the Storm damages to the Property. Defendants' conduct constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

26.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of Metropolitan's liability to Plaintiff under the Policy. Defendant Metropolitan's conduct constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

27.     Defendants failed to offer Plaintiff reasonable compensation under the Policy. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any reasonable explanation for the failure to adequately settle Plaintiff's claim. The conducts of Defendants were a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

28.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. The conduct of Defendants constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(4).

29.     Defendants refused to allow sufficient compensation to Plaintiff, under the terms of the Policy, even though Defendant Mike Esmay failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim,

which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conducts of Defendants constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

30.     Defendant Metropolitan failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant Metropolitan's conduct constituted a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

31.     Defendant Metropolitan failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Metropolitan's conduct constituted a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

32.     Defendant Metropolitan failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received payment for his claim. Defendant Metropolitan's conduct constituted a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

33.     From and after the time Plaintiff's claim was presented to Defendant Metropolitan, the liability of Defendant Metropolitan to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Metropolitan has refused to pay Plaintiff, despite there being no basis whatsoever on which a reasonable insurance

company would have relied to deny the full payment.  Defendant Metropolitan's conduct constituted a breach of the common law duty of good faith and fair dealing.

34.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

35.     As a result of Defendants' wrongful acts and/or omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing him with respect to these causes of action.

## CAUSES OF ACTIONS:
### CAUSES OF ACTIONS AGAINST DEFENDANTS METROPOLITAN AND MIKE ESMAY

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

36.     Defendant Metropolitan hired and/or assigned Defendant Mike Esmay as the individual claims adjuster to investigate and adjust the claim on Defendant Metropolitan's behalf.

37.     During his investigation, Defendant Mike Esmay failed to properly assess Plaintiff's property damage. Specifically, during his investigation, Defendant Mike Esmay spent an inadequate time investigating whether Plaintiff's damages were covered under the Policy. As a result of the inadequate and substandard investigation, Defendant Mike Esmay failed to fully account for all of the covered damage to the Property, such as the full composition shingle roof, tarping reimbursement, temporary repairs reimbursement, roofing felt, valley metal, asphalt starter course, painted drip edge, fascia, gutters, flashing, step flashing, five (5) pipe jacks, turtle vent, two (2) turbine vents, flat roof and the interior water damage in plaintiff's daughter's bedroom.  Defendants' conduct constituted multiple violations of the Texas insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.151.

38.   Defendant Mike Esmay is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Defendant Metropolitan, because Defendant Mike Esmay is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any *individual*, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

39.   Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Esmay's misrepresentations by means of deceptive conducts include, but are not limited to, (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff did not require a completely new composition shingle roof; (3) using his own statements about the non-severity of the damages as a basis for partially denying properly covered damages (such as failing to sufficiently allow for the repairs to the composition shingle roof and interior water damage in Plaintiff's daughter's bedroom); and (4) failing to provide an adequate explanation for giving no compensation for Plaintiff's claims. Defendant Esmay's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the

coverage at issue, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

40.     Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

41.     The unfair settlement practices of Defendants' as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

42.     Defendants did not adequately explain why damages were not being covered under the Policy, despite the extensive damage to the Property as a result of the Storm. Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constituted an unfair method of competition and an unfair and deceptive act of practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

43.     Defendants' deceptive acts and omissions of misrepresenting an insurance policy by making false and misleading statements of material fact, and making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(1)-(3), (5).

## CAUSES OF ACTION AGAINST DEFENDANT METROPOLITAN

44.    Defendant Metropolitan is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### COUNT ONE: BREACH OF CONTRACT

45.    Defendant Metropolitan's conduct constituted a breach of the insurance contract made between Defendant Metropolitan and Plaintiff.

46.    Defendant Metropolitan's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, which constituted a breach of Defendant Metropolitan's insurance contract with Plaintiffs.

### COUNT TWO: NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

47.    Defendant Metropolitan's conduct constituted multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

48.    Defendant Metropolitan's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

49.    Defendant Metropolitan's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constituted an unfair method

of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

50.     Defendant Metropolitan's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of Plaintiff's claim, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

51.     Defendant Metropolitan's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

52.     Defendant Metropolitan's unfair settlement practice, as described above, of refusal to pay Plaintiff's claim without conducting a reasonable investigation, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

### COUNT THREE: NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

53.     Defendant Metropolitan's conduct constituted multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

54.     Defendant Metropolitan's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as

described above, constituted a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

55.    Defendant Metropolitan's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constituted a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

56.    Defendant Metropolitan's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constituted a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### COUNT FOUR: ACTS CONSTITUTING ACTING AS AGENT

57.    As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendant Mike Esmay is and was an agent of Defendant Metropolitan based on Defendant Metropolitan's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, selling insurance, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

58.    Separately, and/or in the alternative, as referenced and described above, Defendant Metropolitan ratified the acts, negligent hiring and training, supervision and/or omissions of Defendant Mike Esmay, including the completion of his duties under the common law and statutory law.

### DTPA VIOLATIONS

59.    Defendants' conducts constituted multiple violations of the Texas Deceptive Trade Practice Act ("DTPA"), TEX. BUS. & COM. CODE 17.41-63. Plaintiff is a consumer of goods

and services provided by Defendants pursuant to the DTPA. Tex. bus. & com. Code 17.50(a). In the alternative, Plaintiff is a claimant for Defendants' violations of the Texas Insurance Code pursuant to the DTPA. Tex. bus. & com. Code 17.50(h). Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, but are not limited to the following:

    a. By Defendants' acts, omissions, failures and conduct that are described in the above, Defendants have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Accordingly, Defendants' violations include, but are not limited to, (a) unreasonably delays in the investigation, adjustment, and resolution of Plaintiff's claim, (b) failure to give Plaintiff the benefit of the doubt, and (c) failure to pay for the proper repair of the Property on which liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2);

    b. Defendant Metropolitan represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA;

    c. Defendant Metropolitan represented to Plaintiff that Defendant Metropolitan's insurance policy and adjusting services were of a particular standard, quality, or grade when

they were of another in violation of section 17.46(b)(7) of the DTPA;

d. Defendant Metropolitan advertised the insurance policy and adjusting services with intent not to sell them as advertised in violation of section 17.46(b)(9) of the DTPA;

e. Defendant Metropolitan breached an express warranty made by Defendant Metropolitan that the damages caused by the wind and/or hailstorm would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

f. Defendants' actions are unconscionable in that Defendants' actions took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct give Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

g. Defendants' conduct, acts, omissions, and failures are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

## KNOWLEDGE

60.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

61. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constituted the producing causes of the damages sustained by Plaintiff.

62. As previously mentioned, the damages caused by the May 23, 2015, Storm have not been properly addressed and only temporarily repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to the Plaintiff. These damages are a direct result of all of the Defendants' mishandling of Plaintiff's claim in violation of the laws set forth herein.

63. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

64. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

65. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

66. For violations of the DTPA, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three times his actual damages.

67.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUEST FOR DISCLOSURE

68.     Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendants Metropolitan and Mike Esmay each disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**CHRISTOFFEL LAW GROUP, P.L.L.C.**

By: _____

David A. Christoffel
State Bar of Texas Number: 24065044
ChristoffelLawGroup@Gmail.com
1110 Nasa Parkway, Suite 450
Houston, Texas 77058
Telephone: (281) 429-8402
Facsimile: (281) 429-8403
*ATTORNEY FOR PLAINTIFF*
*VICENTE VILLAREAL*

Filed
7/5/2017 12:17 PM
Esther Degollado
District Clerk
Webb District
Maryel Garza
2017CVH001086D1

CAUSE NO. 2017CVH001086D1

| | | |
|---|---|---|
| VICENTE VILLAREAL, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | WEBB COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| AND MIKE ESMAY, | § | |
| | § | |
| Defendants. | § | 49TH JUDICIAL DISTRICT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiff for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiff is not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiff by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

**COVERAGE A - DWELLING**
1.   **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
  A.   the dwelling owned by **you** on the **residence premises**; and
  B.   structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES.**

\* \* \*

**COVERAGE B – PRIVATE STRUCTURES**
At the location of the **residence premises**:
1.   **we** cover private structures owned by **you** and separated from the dwelling by clear space; or

\* \* \*

Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be private structures

**We** do not cover private structures:
1.   used or held for any **business** or commercial farming purposes; or
2.   rented or held for rental to a person not a tenant of the dwelling, unless solely used as a private garage.

This coverage does not apply to land, including land on which the private structures are located, or any costs required to replace, rebuild, stabilize or otherwise restore the land.

\* \* \*

**COVERAGE C - PERSONAL PROPERTY**
**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

## CAUSES OF PROPERTY LOSS

### SECTION I - LOSSES WE COVER
### (COMPREHENSIVE PERILS)

**LOSS DEDUCTIBLE CLAUSE**
We will pay only when a loss exceeds the deductible amount shown in the Declarations. We will pay only that part of the loss over such stated deductible.

**COVERAGE A – DWELLING**
**COVERAGE B – PRIVATE STRUCTURES**
**COVERAGE C – PERSONAL PROPERTY**
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A, B and C, except as excluded in **SECTION 1 – LOSSES WE DO NOT COVER.**

### SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold.** There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold.** This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation.**

\* \* \*

2.     **Windstorm or Hail**
       We do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

### SECTION I - LOSSES WE DO NOT COVER

\* \* \*

1.  **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

D.  **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

    1.  flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;
    2.  water or water-borne material which backs up through sewers or drains, or which overflows or is discharged from a sump pump, sump pump well or other system designed to remove subsurface water which is drained from the foundation area; or
    3.  water or water-borne material below the surface of the ground, including water which exerts pressure on, or flows, seeps or leaks through any part of a building, sidewalk, foundation, driveway, swimming pool or other structure of water which causes earth movement

    This exclusion applies whether or not the water damage is caused by or results from human or animal forces or any act of nature.

    However, **we** pay for direct loss that ensues after water damage if caused by fire, theft or explosion and then **we** pay for only the ensuing loss.

    Water damage to property described in Coverage C away from a premises or location owned, rented, occupied or controlled by **you** is excluded even if weather conditions contribute in any way to produce the loss.

\* \* \*

H.  **Neglect** by **you** to use all reasonable means to save and preserve property at and after the time of a loss.

\* \* \*

2.  **We** do not insure under Coverage A and Coverage B for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion 1. above and Exclusions 3. and 4. below regardless of whether one or more of the following:   (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss. The items are:

    A.  conduct, act, failure to act, or decision of any person, group, organization or governmental body;

---

B.    defective, inadequate, faulty or unsound:
1.    planning, zoning, development, surveying, siting;
2.    design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
3.    materials used in repair, construction, renovation or remodeling; or
4.    maintenance;
of any property whether on or off the residence **premises**. Property includes land, structures or improvements of any kind; and
C.    weather conditions.

However, this exclusion only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3.    We do not cover loss or damage to the property described in Coverage A, Coverage B and Coverage C which results directly or indirectly from any of the following:

A.    wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

\* \* \*

We do pay for any direct loss that follows items A. through H. to property described in Coverages A, B and C not otherwise excluded or excepted in this policy and then we pay for only the ensuing loss. If a covered water loss follows, we will pay the cost of tearing out and replacing any part of the building necessary to repair the plumbing or appliance, but we do not cover loss to the plumbing or appliance from which the water escaped.

\* \* \*

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance Company of Texas to the Plaintiff. Specifically, the subject insurance policy provides as follows:

SECTION I – CONDITIONS

\* \* \*

2.    **What you Must do After a Loss. We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

A.    Promptly notify **us** or **our** representative.

B.    Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

C.    Cooperate with us in the investigation of a claim.

\* \* \*

E.    At any reasonable time and place **we** designate, and as often as **we** reasonably require:

1.    show **us** the damaged property;

2.    submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

\* \* \*

7.    **Appraisal.** If **you** and **we** fail to agree on the amount of loss, either **you** or **we** can make a written demand for an appraisal of the loss. Each party will select a competent appraiser and notify the other within 20 days of the appraiser's identity. The two appraisers will select a competent and impartial umpire. If the two appraisers are unable to select an umpire within 15 days, **you** or **we** can request that the choice of an umpire be made by a judge of a court of record in the state where the **residence premises** is located.

The appraisers will separately set the amount of loss determining the full replacement cost and **actual cash value** for each item as needed. If the appraisers submit a written report of an agreement to **us**, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. The written award by two of these three people for any item will set the amount of loss and is binding on **you** and **us** when filed with **us**.

**You** will pay the appraiser selected by **you**. **We** will pay the appraiser selected by **us**. **You** and **we** will split the other expenses of appraisal and the fee of the umpire.

With regard to Appraisal, the term **"you"** applies only to the named insured, including spouse if a resident of the same household.

Pleading further, Plaintiff failed to promptly repair the subject property and based upon information and belief, has not performed necessary repairs to the property.

## III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

By:    Dennis D. Conder
        State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ____ day of _____, 2017, a copy of the foregoing was delivered to Plaintiff's counsel of record in accordance with the Texas Rules of Civil Procedure.

Dennis D. Conder

PAN/PLDG/588367.1/001466.16912