Case 5:17-cv-00143   Document 5   Filed in TXSD on 10/19/17   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 19, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| VICENTE VILLAREAL, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 5:17-CV-143 |
| § | |
| METROPOLITAN LLOYDS INSURANCE § | |
| COMPANY OF TEXAS AND § | |
| MIKE ESMAY, § | |
| § | |
| Defendants. § | |

## MEMORANDUM & ORDER

This is an insurance-coverage dispute arising from storm damage to Plaintiff's home. Plaintiff originally brought suit in Texas state court against his insurer, Metropolitan Lloyds, and the insurance adjuster assigned to his claim, Mike Esmay. (Dkt. 1, Attach. 1.) Esmay, like Plaintiff, is a Texas citizen. (*Id.* at 2–3.) Plaintiff is suing Esmay under Tex. Ins. Code § 541.151(1), which gives a cause of action to those harmed by an "unfair or deceptive act or practice in the business of insurance." (*Id.* at 9–11.) He alleges that Esmay conducted a substandard inspection of his home after the storm and misrepresented the extent of the damage. (*Id.*)

Metropolitan removed on the basis of diversity jurisdiction, arguing that Esmay's Texas citizenship can be disregarded because he was improperly joined to defeat this Court's jurisdiction. (Dkt. 1.) According to Metropolitan, Plaintiff failed to establish a cause of action against Esmay because Plaintiff's complaint makes only "boilerplate" allegations and fails to allege with specificity what Esmay did that constituted an "unfair or deceptive act or practice." (Dkt. 4 at 6–8.)

Pending now is Plaintiff's motion to remand. (Dkt. 3.) Plaintiff argues that he has stated a

viable claim against Esmay and that Esmay was thus properly joined. (*Id.* at 10–12.) Having considered the briefs, the record, and the applicable law, the Court agrees with Plaintiff. Esmay's citizenship destroys diversity, and the case must be remanded.

**Discussion**

A case that has been removed to federal court on the basis of diversity jurisdiction must be remanded if it appears there is no diversity jurisdiction. *See* 28 U.S.C. § 1447(c). Diversity jurisdiction requires complete diversity—that no plaintiff hold citizenship in the same state as any defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

When a non-diverse defendant has been improperly joined, however, that defendant's citizenship can be disregarded. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). The removing party bears a heavy burden of demonstrating improper joinder. *Id.* A party is improperly joined if there is no possibility that the plaintiff will be able to establish a cause of action against that party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).[1]

To show that a plaintiff cannot establish a cause of action against a non-diverse defendant, the removing party must show there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against" that defendant. *Id.* In making this determination, courts conduct a "Rule 12(b)(6)-type analysis," analyzing whether the complaint states a claim for relief against the non-diverse defendant that could survive a Rule 12(b)(6) motion to dismiss. *Id.*; *see* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the

---

[1] A party is also improperly joined if there has been "actual fraud in the pleading of jurisdictional facts," *Smallwood*, 385 F.3d at 573, but Metropolitan does not allege actual fraud.

complaint must contain "enough facts to state a claim to relief that is plausible on its face," and it must plead those facts with enough specificity to raise a right to relief "above the speculative level." *Peacock v. AARP, Inc.*, 181 F. Supp. 3d 430, 433 (S.D. Tex. 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).[2] The complaint must offer more than "labels and conclusions" and do more than merely restate the elements of the cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a viable claim under section 541.151(1) of the Texas Insurance Code, a plaintiff must allege facts showing he has been harmed by the defendant's "unfair or deceptive act or practice in the business of insurance." Tex. Ins. Code Ann. § 541.151(1) (West 2015). An "unfair or deceptive act or practice" includes "misrepresenting to a claimant a material fact . . . relating to coverage at issue." *Id.* § 541.060(a)(1). Under section 541.151(1), a cause of action may be brought against any "person" engaging in such acts or practices. *Id.* § 541.151(1). "Person" means an "individual . . . engaged in the business of insurance, including an . . . adjuster." *Id.* § 541.002(2). The Fifth Circuit has affirmed that an insurance adjuster may be held individually liable for an unfair or deceptive act or practice in violation of section 541.060 of the Texas Insurance Code. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 280 n.2, 282 (5th Cir. 2007) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485–87 (Tex. 1998)).

Here, Plaintiff's complaint alleges enough facts with enough specificity to state a plausible claim for relief against Esmay under section 541.151(1). According to the complaint,

---

[2] In arguing that Plaintiff does not state a viable claim against Esmay, Metropolitan applied Texas pleading standards. (Dkt. 4 at 6.) However, the Fifth Circuit has recently held that federal courts should use the federal pleading standard when conducting a "Rule 12(b)(6)-type analysis" of an improper joinder claim. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

Esmay deliberately misrepresented the extent of the damage to Plaintiff's home, "conspir[ing]" with Metropolitan to deny sufficient coverage. (Dkt. 1, Attach. 1, at ¶ 20.) After Metropolitan's first adjuster recommended a full roof replacement, Metropolitan assigned Esmay to the claim to "re-evaluate" it. (*Id.* at ¶¶ 16–17.) Esmay then denied that the entire roof needed replacing. (*Id.* at ¶ 17.) In his estimate, dated August 8, 2016, Esmay misrepresented the damage to the "full composition shingle roof . . . roofing felt, valley metal, asphalt starter course, painted drip edge, fascia, gutters, flashing, step flashing, five (5) pipe jacks, turtle vent, two (2) turbine vents, [and] flat roof." (*Id.* at ¶¶ 17, 37.) He also misrepresented the water damage to the bedroom of Plaintiff's daughter. (*Id.* at ¶ 37.) These alleged misrepresentations caused Plaintiff to suffer damages because they "did not allow sufficient insurance benefits to cover the costs of repairs for the damages" caused by the storm. (*Id.* at ¶ 18.)

In sum, the complaint alleges specific misrepresentations by Esmay regarding specific parts of Plaintiff's home, and it explains how those misrepresentations caused Plaintiff's damages. If Esmay was called in to "re-evaluate" the damage to Plaintiff's home after the first adjuster recommended a full roof replacement, it is at least plausible that Esmay deliberately underreported the extent of the damage to the home. Thus, Plaintiff can establish a cause of action against Esmay under Tex. Ins. Code § 541.151(1), and Esmay was not improperly joined as a defendant. *See, e.g.*, *Martinez v. State Farm Lloyds*, 2016 WL 4427489, at *2–3 (N.D. Tex. Aug. 22, 2016) (holding that an insurance adjuster was not improperly joined where the plaintiff alleged that the adjuster violated section 541.060 of the Texas Insurance Code by understating the storm damage to the plaintiff's property). Accordingly, Esmay's non-diverse citizenship defeats the Court's jurisdiction.

**Conclusion**

The Court lacks diversity jurisdiction over this case. Therefore, Plaintiff's motion to remand is hereby GRANTED. This case is now REMANDED to the 49th District Court of Webb County, Texas, where it was filed as cause number 2017CVH001086D1.

IT IS SO ORDERED.

SIGNED this 19th day of October, 2017.

_____
Diana Saldaña
United States District Judge